UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOE F. SANDERS**  BOP #96080-071 | : | **CIVIL ACTION NO. 14-cv-3385**  **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for a writ of *habeas corpus* filed, *pro se*, pursuant to 28 U.S.C. § 2241 by petitioner, Joe F. Sanders (hereinafter "Sanders"), an inmate in custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institute in Butner, North Carolina. However, at the time of filing, he was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.[1]

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

On March 28, 2000, following a bench trial, Sanders was convicted of felony possession of a firearm.  Doc. 1, pp. 1-2.  He was sentenced to 250 months incarceration by the United States District Court for the District of South Carolina (Greenville Division). Doc. 1, p. 1.  Thereafter,

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since Sanders was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. See *id.*; 28 U.S.C. § 2241(d).

the United States Court of Appeals for the Fourth Circuit affirmed his conviction on or about October 10, 2001. Doc. 1, p. 2. Sanders states that he then filed a 28 U.S.C. § 2255, motion to vacate, set aside, or correct his sentence in the United States District Court for the District of South Carolina, alleging ineffective assistance of counsel. *Id.*

On November 1, 2014, Sanders signed and dated the instant *habeas* petition but it was not received and filed in this the court until December 4, 2014. Herein, he claims that pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013), he is actually innocent of his prior conviction as it no longer qualifies as a predicate offense for career offender status. Doc. 1, att. 2, p. 1.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, Sanders collaterally attacks his incarceration arguing errors with regard to his federal conviction and challenges the sentence imposed, rather than the execution of that sentence. Therefore, his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may only use § 2241 to challenge the legality of their convictions or sentences if they satisfy the § 2255 "savings clause," *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001), which provides that:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief…shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

A prisoner seeking such relief under the "savings clause" must establish: (1) that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make such a remedy inadequate or ineffective. *Jeffers,* 253 F.3d at 830.

Sanders does not satisfy the criteria set forth above. His reliance on *Descamps* is misplaced because the Supreme Court has not made *Descamps* retroactively applicable on collateral review, and the Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). [2] Furthermore, the Fifth Circuit has consistently disallowed claims attacking sentence enhancements under the savings clause. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011). A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Bradford*, 660 F.3d at 230; *see also Kinder v. Purdy,* 222 F.3d 209, 213, 214 (5th Cir. 2000) (claim of actual innocence of a career-offender enhancement is not properly raised in § 2241 petition

---

[2] *See also Randolph v. United States*, 2013 WL 5960881 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, 2013 WL 5636686 (N.D. Ala. Oct. 16, 2013) (noting the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *Strickland v. English*, 2013 WL 4502302 (N.D. Fla. Aug. 22, 2013) (finding that "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause).

because petitioner is not claiming actual innocence of crime of conviction, only of the enhancement).

### III.
### CONCLUSION

Since Sanders has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly, **IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 10th day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE